UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:   DELORES DENNIS                                          CASE NO.: 15-11345

         DEBTOR                                                       CHAPTER 7

SAMERA L. ABIDE, TRUSTEE                                      ADVERSARY NO.:
       Plaintiff

VERSUS

TOWER CREDIT, INC.
       Defendant

COMPLAINT

The complaint of Samera L. Abide, trustee, respectfully represents:

PARTIES

1.

This case was commenced by the filing of the voluntary petition seeking relief under Chapter 7 of Title 11 of the United States Bankruptcy Code by DELORES DENNIS, ("Debtor") on 10/30/2015. On that same date Samera L. Abide ("Plaintiff") was appointed interim trustee and later she became the permanent trustee. Plaintiff is the duly qualified and acting trustee for the bankruptcy estate.

2.

Made defendant herein is TOWER CREDIT, INC., an organization doing business within the State of Louisiana.

## JURISDICTION

3.

The debtor filed a voluntary petition seeking relief under Chapter 7 of Title 11 of the United States on 10/30/2015 ("Petition Date"). Said bankruptcy petition was assigned case number 15-11345 on the docket of this Honorable Court.

4.

The Court has jurisdiction over these matters pursuant to Title 28 Sections 547 and 548 and the Federal Rules of Bankruptcy Procedure 7001 et. seq.

5.

This is a "core" proceeding and is within this Court's jurisdiction.

## FACTS

6.

Upon information and belief Tower Credit, Inc., made a defendant herein, received transfers of property of the debtor within 90 days of the Petition Date. Furthermore, it is believed that Tower Credit, Inc. received a total of $2,460.74; however, the trustee reserves the right to supplement this schedule to specifically add any other transfers to be recovered by the trustee, which are disclosed to the trustee during discovery.

7.

The defendant received demand for payment of the transfers on or about 12/17/2015 and responded to same on or about 12/29/2015. Copies of the plaintiff's demand letter and defendant's response are attached as Exhibit T-1.

8.

The debtor was insolvent at the time of the transfers to the defendant.

## COUNT 1

9.

Upon information and belief it is alleged that the defendant was an unsecured creditor of the debtor and that the transfers to the defendant were for or on account of an antecedent debt owed by the debtor to the defendant before the transfers were made.

10.

Upon information and belief it is alleged that the effect of the transfers to the defendant enabled the defendant to receive more than the defendant will receive under Chapter 7 of the bankruptcy code if the transfers had not been made and the defendant received payment of such indebtedness to the extent provided by the bankruptcy code.

11.

By reason of the foregoing, the payments to the defendant are avoidable transfers under 11 U.S.C. §547(b).

## COUNT 2

12.

The allegations of paragraphs1 through 8 above are reiterated and incorporated herein by reference.

13.

Upon information and belief it is alleged that as to the defendant specifically named in paragraph 3 above, the debtor voluntarily or involuntarily made transfers or incurred obligations with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date of such transfers were made or such obligation was incurred, indebted.

14.

In the alternative, upon information and belief that the debtor was not obligated to the defendant, that there was no consideration for the transfers of the debtor's property to the defendant and that the debtor, therefore, received less than a reasonably equivalent value in exchange for the transfers.

15.

By reason of the foregoing, the payments to the defendant are avoidable transfers under 11 U.S.C. §548(a)(1) and/or (a)(2).

Wherefore, Samera L. Abide, trustee, prays that, after service of summons and trial on the merits, there be judgment rendered against the defendant for:

I.  $2,460.74, being the total of all know transfers from the debtor to the defendant, direct or indirect, within 90 days of the filing of the debtor's bankruptcy petition, together with interest from the date of first demand until paid; and

II. For any and all other relief to which she is entitled, including the assessment of costs,

interest and reasonable attorney's fees.

                                RESPECTFULLY SUBMITTED:

                                *s/Samera L. Abide*
                                Samera L. Abide, Bar No. 2288
                                Attorney for the Trustee
                                P.O. Box 3616
                                Baton Rouge, LA  70821
                                Telephone:  (225) 923-1404
                                Fax: (225) 923-1443
                                Email: slabide@abide-law.com

Please issue summons for the following:

1. TOWER CREDIT, INC.
   RICHARD D. BANKSTON, REGISTERED AGENT
   427 SOUTH FOSTER DRIVE
   BATON ROUGE, LA  70806

**SAMERA L. ABIDE, TRUSTEE**
Attorney at Law
Telephone (225) 923-1404
Fax (225) 923-1443
Email: slabide@abide-law.com
P.O. Box 3616
Baton Rouge, LA 70821

December 15, 2015

Tower Credit
c/o Richard D. Bankston
Attorney at Law, Inc.
427 South Foster Drive
Baton Rouge, LA 70806

First Class Mail
Certified No. 7015 0640 0004 4294 3111
Return Receipt Requested

RE:   Estate of Delores Dennis, debtor(s)
      Case No.: 15-11345
      United States Bankruptcy Court
      Middle District of Louisiana

Dear Gentlemen:

On 10/30/2015, a petition was filed seeking relief under Chapter 7. I was appointed interim trustee on the same date and was later made permanent trustee. Enclosed please find a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines.

According to records that I have received Tower Credit garnished the wages of Delores Dennis (debtor). This being so payments totaling $2,460.74, representing garnishments within 90 days of the bankruptcy petition date, are transfers avoidable under 11 U.S.C. §547.

Please consider this a formal demand seeking to avoid the transfers and for immediate payment of any and all funds received by virtue of the transfers to me as trustee of the estate. These funds must be turned over within ten (10) days from the date of this demand. Since these are possibly avoidable transfers which entitle me as trustee for the estate to the funds, time is of the essence since the funds, once in my custody, will earn interest for the benefit of creditors of the estate. Your check should be made payable to "Samera L. Abide, Trustee" and reference the Estate of Delores Dennis, Case No. 15-11345. You should also include an accounting for payments received by you during the 90 days preference period. For your convenience, I have enclosed a proof of claim that should be filed in the case upon turnover of the funds. If you have already filed your claim please use this form to amend the amount. In the event that the funds are not voluntarily turned over to me within ten (10) days of the date of this letter and you have not given a valid reason, I will pursue any and all actions against you as permitted by bankruptcy law and any applicable state law. In the event this happens you may be liable for the funds plus interest and any other recoverable costs allowed by law.

I hope that this matter can be amicably resolved.

Sincerely yours,

Samera L. Abide

SLA\mpa
Enclosures

**EXHIBIT T-1**

United States Bankruptcy Court
Middle District of Louisiana



## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 10/30/2015 at 5:43 PM and filed on 10/30/2015.

**Delores Dennis**
3570 Lorraine Street
Baton Rouge, LA 70805
SSN / ITIN: xxx-xx-6601

The case was filed by the debtor's attorney:　　The bankruptcy trustee is:

**Rena L. Hester**　　　　　　　　　　　　**Samera L. Abide**
P.O. Box 74240　　　　　　　　　　　　Post Office Box 3616
Baton Rouge, LA 70874-4240　　　　　　Baton Rouge, LA 70821
225-774-2637　　　　　　　　　　　　　(225) 923-1404

The case was assigned case number 15-11345 to Judge Douglas D. Dodd.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.lamb.uscourts.gov/ or at the Clerk's Office, 707 Florida Street Room 119 Baton Rouge, LA 70801.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Monica M. Menier**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/15/2015 09:58:00 | | | |
| PACER Login: | sa0207:2629131:0 | Client Code: | |
| Description: | Notice of Filing | Search Criteria: | 15-11345 |
| Billable Pages: | 1 | Cost: | 0.10 |

# *Richard D. Bankston*
## Attorney at Law

427 S. Foster Dr.
Baton Rouge, Louisiana 70806

Office: (225) 346-1999
Fax: (225) 215-9106

December 29, 2015

Ms. Samera L. Abide
P. O. Box 3616
Baton Rouge, Louisiana 70821

RE: In Re: Delores Dennis; Bankruptcy Court; Middle District of Louisiana; number 15-11345

Dear Ms. Abide:

I represent Tower Credit, Inc. in the above referenced matter.

Tower received your December 15, 2015 letter regarding the garnishment money.

The garnishment at issue was served on the employer July 2, 2013, well before the 90 day "look back" period.

In In Re Conner 733 Fed 2nd 1560 (U.S. App. 11th Cir. 1984) the Court considered Georgia's garnishment statute (which seems to be similar to Louisiana's statute) and held that the date of the transfer is the date the garnishment is served because the service of the garnishment establishes a lien on the garnished funds as of the date of the service of garnishment. Under this analysis, Tower would not be responsible for turning over any money because the garnishment was served prior to the 90 day look back period and the seizure occurred on that date. The Conner decision represents the majority of the federal appellate decisions on the issue.

I am aware that it is your position that the transfer occurs on the date the debtor earns the money and that the Middle District currently agrees with this position. Although the Fifth Circuit has never ruled on the issue a case is currently on appeal to the district court and I expect that it will eventually be heard by Fifth Circuit.

It is Tower Credit, Inc.'s position that it has no duty to turn over the requested funds.

If you have any questions concerning this matter, do not hesitate to contact me.

Sincerely,

Richard D. Bankston